GEORGE AND FREDRICKA HILL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hill v. Commissioner
Docket No. 7100-74
United States Tax Court
T.C. Memo 1976-375; 1976 Tax Ct. Memo LEXIS 34; 35 T.C.M. (CCH) 1698; T.C.M. (RIA) 760375; December 6, 1976, Filed George Hill, pro se. Marc A. Feller, for the respondent. WILBUR
MEMORANDUM OPINION WILBUR, Judge: Respondent has determined a deficiency in petitioners' Federal income tax for the taxable year 1973 in the amount of $388.09. This deficiency was based on respondent's denial of $1,845 of the $2,202 which petitioners had claimed as employee business expenses, and on a corresponding decrease in the medical deduction and increase in the State sales tax deduction. The sole issue for our determination is the amount of deductible employee travel expenses petitioners have substantiated. Petitioners George and Fredricka Hill, husband and wife, resided in Philadelphia, Pennsylvania, at the time their petition was filed in this case. Petitioners *35 filed a joint Federal income tax return for the taxable year 1973. During the taxable year 1973, petitioner [1] worked as a voter investigator for the City of Philadelphia. In the course of his employment, he drove between his office and various field locations to which he had been assigned. Petitioner was reimbursed by the city at the rate of $0.09 per mile for 5,243 miles traveled, which amounted to a total reimbursement for 1973 of $471.87. On his 1973 Federal income tax return, petitioner itemized $2,600 worth of automobile related expenses and stated that 14,000 of the total 18,000 miles which he had driven during 1973 had been driven in connection with his employment. He also listed $200 worth of parking fees and tolls. This was the basis of his $2,202 employee business expense deduction. Respondent's position is that petitioner has substantiated only $1,928 worth of automobile expenses and 5,500 miles of employment-related travel during 1973. On this basis petitioner is entitled to deduct only $598 using *36 specific itemization [$1,928 X (5,500 miles used for business purposes divided by 18,000 total miles driven in 1973)], or $660 using respondent's standard mileage allowance of $0.12 per mile. Rev. Proc. 70-25, 1970-2 C.B. 506. This amount must be reduced by the $471.87 reimbursed by the City which was not reported by petitioner, thus leaving $188.13. In addition, respondent does not challenge the $200 worth of parking fees and tolls. On this basis, respondent calculates petitioner's properly deductible employee business expenses as $388.13. [2]
Although section 162(a) [3] permits taxpayers to deduct the ordinary and necessary expenses incurred in a trade or business, the taxpayer claiming such deductions has the burden of proving the amount and character of such expenses.See Rule 142. *37 The evidence presented by petitioner established only that he traveled 5,243 miles for which he was reimbursed by his employer. There is absolutely no evidence upon which we may infer that he traveled a greater distance in the course of his employment. Quite to the contrary, we fail to understand why petitioner sought reimbursement for only 5,243 miles of business travel from his employer if he in fact traveled a greater distance. The records of business mileage which petitioner kept were not presented to the Court and in addition he testified that they would correspond to the mileage upon which his reimbursement from the City was computed. His description of his employer's policy indicates that he was reimbursed for all mileage which could be termed incurred in his business so as to be deductible under section 162. Therefore, respondent's determination that petitioner traveled 5,500 miles in the course of his employment must be sustained. Respondent's allowance of $388.13 for employees business expenses is quite reasonable, given the evidence petitioner has presented. Delores Bussabarger,52 T.C. 819, 829 (1969); Walter L. Woodward,50 T.C. 982, 994 (1968). *38 Decision will be entered under Rule 155. Footnotes
1. Since Fredricka Hill is a party to this action primarily by reason of filing a joint return with her husband, George Hill will be referred to as petitioner.↩
2. In his deficiency notice respondent allowed petitioner only $357 worth of such expenses. However, before trial petitioner submitted additional evidence to substantiate his claimed deductions, and respondent has conceded that petitioner is entitled to an additional $31.13 of travel expense deductions.↩
3. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise specified.↩